UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Richard Bradley,

           Petitioner,      Case No. 18-12968

v.

                              Judith E. Levy
                              United States District Judge

J.A. Terris,

                              Mag. Judge Mona K. Majzoub
           Defendant.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR HABEAS CORPUS [1], DENYING THE MOTIONS TO AMEND [7-8], DENYING THE REQUEST FOR A STATUS UPDATE [9], AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Richard Bradley, an inmate at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Bradley challenges his 2005 federal sentence for being a felon in possession on the grounds that (1) he received ineffective assistance of trial counsel, (2) the restoration of his civil rights made his sentencing enhancement under the Armed Career Criminal Act improper, and (3) new Supreme Court precedent retroactively makes his sentencing enhancement unlawful. The

Government argues that Bradley is not entitled to habeas corpus relief under the "savings clause" of 28 U.S.C. § 2255(e). (ECF No. 5, PageID41.) Because Bradley's petition does not satisfy the standard to bring a § 2241 habeas action under the savings clause of § 2255, his petition is dismissed without prejudice.

## I. Background

In 2005, Bradley was charged in a federal indictment with (1) being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and (2) knowingly possessing a stolen firearm, 18 U.S.C. §§ 922(j). On August 23, 2006, United States District Judge Linda R. Reade accepted Bradley's guilty plea as to the first count. (ECF No. 1, PageID.19.) The second count was dismissed. *See* Judgment, *United States v. Bradley*, No. 1:05-cr-00100-1 (N.D. Iowa Aug. 28, 2006), ECF No. 68, p. 1.

Although the maximum sentence for Bradley's crime was ten years, *see* 18 U.S.C. §924(a)(2), his prior state convictions for violent crimes subjected him to a mandatory minimum term of fifteen years in prison under the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e)(1). The ACCA sentence enhancement applies when a person violates 18 U.S.C. 922(g) and "has three previous convictions . . . for a violent felony

or a serious drug offense." 18 U.S.C. § 924(e)(1). Bradley's indictment listed six possible predicate state crimes for the purposes of an ACCA enhancement. (ECF No. 1 PageID.25.) At sentencing, the parties stipulated to four predicate offenses that would satisfy the requirements of the ACCA: a 1976 Illinois armed robbery conviction, a 1986 Illinois attempted armed robbery conviction, a 1989 Illinois robbery conviction, and a 2005 Iowa burglary conviction. (ECF No. 1, PageID.20.) On August 28, 2006, Judge Reade exceeded the sentencing guidelines and sentenced Bradley to prison for 293 months (twenty-four years, five months), followed by five years of supervised release. Judgment, *United States v. Bradley*, No. 1:05-cr-00100-01 (N.D. Iowa Aug. 28, 2006), ECF No. 68, pp. 2–3.

Bradley appealed his sentence on the basis that Judge Reade had abused her discretion by departing upward from the sentencing guidelines. The United States Court of Appeals for the Eighth Circuit rejected Bradley's argument and affirmed his sentence on February 4, 2008. *United States v. Bradley*, 261 F. App'x 923 (8th Cir. 2008). On October 6, 2008, the United States Supreme Court denied Bradley's

petition for a writ of certiorari. *Bradley v. United States*, 555 U.S. 836 (2008).

In 2009, Bradley filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argued that his trial attorney was ineffective for failing to inform the Government and Judge Reade that an upward departure from the sentencing guidelines would violate the plea agreement. He also maintained that the Government and Judge Reade had violated the terms of the plea agreement. *See Bradley v. United States*, No. 1:09-cv-00048 (N.D. Iowa Mar. 26, 2009), ECF No. 1.

On January 10, 2012, Judge Reade denied Bradley's motion because his claims were procedurally defaulted and/or meritless. *See Bradley*, No. 1:09-cv-00048 (N.D. Iowa), ECF No. 15, pp. 2–5. The United States Court of Appeals for the Eighth Circuit denied Bradley's subsequent application for a certificate of appealability. *See Bradley v. United States*, No. 12-1246 (8th Cir. May 24, 2012).

In 2016, Bradley filed a second motion under 28 U.S.C. § 2255. He argued that his sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which held that "imposing an increased sentence under the residual clause of the Armed Career

4

Criminal Act violates the Constitution's guarantee of due process." The ACCA's residual clause defines as a violent felony "any crime punishable by imprisonment for a term exceeding one year . . . [that] involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C § 924(e)(2)(B). *See Bradley v. United States*, No. 1:16-cv-00119 (N.D. Iowa June 15, 2016), ECF No. 1. Judge Reade dismissed the motion because Bradley had not obtained authorization to file a second or successive motion under § 2255. *See id.*, ECF No. 3.

Bradley subsequently sought permission from the Eighth Circuit Court of Appeals to file a second or successive application. The Eighth Circuit Court of Appeals denied his petition without an explanation. *See* Order, *Bradley v. United States*, No. 17-3596 (8th Cir. Mar. 28, 2018).

On September 20, 2018, Bradley filed this habeas corpus petition under 28 U.S.C. § 2241. (ECF No. 1.) He raises three claims: (1) due to ineffective assistance of trial counsel, he is illegally detained beyond the statutory ten-year maximum sentence for his crime; (2) the restoration of his civil rights made improper the use of three Illinois state-court convictions as predicate offenses for his sentencing enhancement under the Armed Career Criminal Act (ACCA); and (3) the Supreme Court's

5

decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), retroactively makes unlawful the use of an Iowa burglary conviction as an ACCA predicate offense. (ECF No. 1, PageID. 6-7.)

**II. Legal Standard**

A federal inmate's habeas corpus petition under 28 U.S.C. § 2241 generally is limited to challenges to the manner or execution of a sentence. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). The primary vehicle for challenging the legality of a federal sentence is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). However, a federal prisoner may challenge their conviction or the imposition of their sentence under §2241 when "the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). As the Sixth Circuit explains,

> [t]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate.

6

*Charles v. Chandler*, 180 F.3d 743, 756 (6th Cir. 1999) (internal citations omitted). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255," *Id.* at 758.

A petitioner carries the burden of establishing that the "savings clause" of § 2255(e) applies to their petition. *Hill*, 836 F.3d at 594. Moreover, a petitioner must show that § 2255(e) applies to each claim in the petition. *Id.* (citing *Charles*, 180 F.3d at 756).

The Sixth Circuit has held that the savings clause applies only where the petitioner raises a claim of "actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (citing *Charles*, 180 F.3d at 758). As the Sixth Circuit explained in *Hill*,

> [w]here a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law," (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions," (3) that is retroactive, and (4) applies to the petition's merits such that it is "more likely than not that no reasonable juror would have convicted" the petitioner.

*Id.* at 594–95 (quoting *Wooten*, 677 F.3d at 307-08). *Hill* also expanded the Sixth Circuit's saving clause precedent to allow prisoners

7

to challenge not just convictions but also misapplied sentences. *Hill*, 836 F.3d at 595. In *Anderson v. Terris*, the Sixth Circuit reiterated *Hill*'s standard as allowing a petitioner to challenge a misapplied sentence under § 2241 when the petitioner shows "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." No. 18-2400, 2019 WL 6690055, at *2 (6th Cir. Nov. 19 2019) (citing *Hill*, 836 F.3d at 595.) The court in *Wright* clarified that the second prong of the *Hill* test requires a petitioner to show they "had no prior reasonable opportunity to bring [their] argument for relief." 939 F.3d at 705.

### III. Analysis

Bradley brings three claims: one for ineffective assistance of counsel, and two alleging improper or unlawful application of the ACCA to enhance his sentence. Bradley's ineffective assistance of counsel claim does not satisfy the savings clause standard established by Sixth Circuit precedent because it does not rely on a new case of statutory interpretation. While Bradley's claim regarding his ACCA enhancement

with respect to his Iowa burglary conviction may satisfy the savings clause standard, it is not enough to demonstrate actual innocence with respect to his sentencing enhancement because his other ACCA enhancement claim, like his ineffective assistance of counsel claim, does not rely on a new case of statutory interpretation.

### A. Ineffective Assistance of Counsel Claim

Bradley first alleges that his trial attorney was ineffective because she failed to investigate his prior state convictions. He contends that his attorney should have realized that his Illinois state convictions could not be used to enhance his federal sentence under the ACCA because his civil rights were restored in those cases. (ECF No. 1, PageID.11.)

The Court declines to address the substantive merit of Bradley's ineffectiveness claim because he does not point to any new interpretation of statutory law that demonstrates his actual innocence. In support of his ineffective assistance of counsel claim, Petitioner cites only to *Strickland v. Washington*, 466 U.S. 668 (1984). Decided thirty-four years prior to the filing of Petitioner's current petition, *Strickland* cannot satisfy the requirement under Sixth Circuit precedent that a federal prisoner

9

challenging their conviction under § 2241 show a "new interpretation of statutory law." *Hill*, 836 F.3d at 594.

**B. The Sentencing Claim: Illinois Convictions**

Bradley next argues that he was improperly sentenced with an enhancement pursuant to the ACCA because his Illinois state convictions—a 1977 conviction for armed robbery, 1986 conviction for attempted armed robbery, and 1989 conviction for robbery—did not qualify as predicate offenses. (ECF No. 1, PageID.16–17.) He claims that because his civil rights were restored under state law, those cases were improperly used to classify him as an armed career criminal. Under 18 U.S.C. § 921, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of [the chapter on firearms], unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). Without those three convictions, Petitioner's only remaining predicate offense for an ACCA sentencing enhancement would be his 2005 Iowa burglary conviction, which by itself is insufficient to satisfy the ACCA's requirement of three predicate

10

offenses. (ECF No. 1, PageID.20.) Petitioner maintains that he is therefore entitled to immediate release from prison because, without the enhancement, he has already served more than the maximum ten-year sentence for his crime. (ECF No. 1, PageID.10.)

The Court cannot reach the merits of Petitioner's claim with respect to the restoration of his civil rights because his claim does not satisfy *Hill*'s first prong: Petitioner points to no case of statutory interpretation that applies to the use of his Illinois state convictions as predicate offenses for the ACCA enhancement.

Petitioner does cite in his argument to the Supreme Court's decisions in *Johnson*, 135 S. Ct. at 2551, and *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Johnson* held the ACCA's residual clause, which defines as a violent felony "any crime punishable by imprisonment for a term exceeding one year . . . [that] involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), to be unconstitutionally vague. 135 S. Ct. at 2563. In *Mathis*, the Supreme Court held that when a state statute establishes multiple factual ways to satisfy an element of a crime, a court must apply the categorical approach to determine whether a conviction under that

statute qualifies as a predicate offense for the ACCA. 136 S. Ct. at 2257. Under the categorical approach, a conviction may not count as a predicate offense if the elements of the prior offense are broader than those of the generic form of the crimes. *Id.* at 2251.

Bradley does not argue that his crimes fell under the residual clause such that *Johnson* invalidates their use as ACCA predicates, nor does he claim that the elements of his Illinois state convictions were broader than the elements of the generic form of the crimes listed in the enumerated-offense clause of § 924(e)(2)(B). Instead, he contends only that his state convictions should not have been used to enhance his federal sentence because he was discharged from the state sentences before he was sentenced in his federal case. Because neither *Johnson* nor *Mathis* interprets 18 U.S.C. § 921(a)(20)—the basis for Bradley's claim of actual innocence with respect to his Illinois convictions—his claim does not satisfy the first prong of *Hill* and therefore cannot be raised in a habeas petition under § 2241.

**C. Sentencing Claim: Iowa Burglary**

Petitioner also argues that under *Mathis*, the use of his Iowa burglary conviction as a fourth ACCA predicate—to which the parties

stipulated at sentencing—cannot stand. *Mathis*, in clarifying the circumstances under which district courts should apply the categorical approach, held that a conviction for Iowa burglary could not serve as a predicate offense for an ACCA sentencing enhancement. 136 S. Ct. at 2251. *Mathis* overruled earlier Eighth Circuit precedent that would have barred Bradley from challenging his Iowa burglary in his original § 2251 habeas petition. *See United States v. Mathis*, 786 F.3d 1068 (8th Cir. 2015) (applying modified categorical approach to hold that Iowa burglary conviction qualified as a violent felony under ACCA); *United States v. Bell*, 445 F.3d 1068, 1090–91 (8th Cir. 2006) (applying modified categorical approach to similar Missouri burglary statute to hold that Missouri burglary conviction qualified as a violent felony under ACCA). *Mathis* provided a "new interpretation of statutory law." *Hill*, 836 F.3d at 594. Moreover, in overturning the above line of Eighth Circuit precedent, *Mathis* satisfies the savings clause requirement that a petitioner demonstrate they "had no prior reasonable opportunity to bring [their] argument for relief." *Wright*, 939 F.3d at 705.

However, the Court will not address the merits of Petitioner's *Mathis* claim with respect to his Iowa burglary conviction because this

13

claim alone does not constitute an actual innocence claim required under the savings clause. *See United States v. Peterman*, 249 F.3d at 462. At sentencing, the parties stipulated to four predicate offenses—one more than the three required under the ACCA. Even if this Court were to find *Mathis* retroactive and, by extension, Petitioner's Iowa burglary not an ACCA predicate offense, Petitioner would still have the three predicate offenses necessary for the ACCA sentencing enhancement to apply. As discussed above, Petitioner has not succeeded in challenging those three offenses in his § 2241 petition. Petitioner's challenge to his Iowa burglary conviction, standing alone, does not satisfy the requirements of § 2255(e).

## D. Motions to Amend and Request for Status Update

Also before the Court are Bradley's requests to amend his petition and receive a status update. The Federal Rules of Civil Procedure provide that when a party does not amend its pleading within twenty-one days of a responsive pleading or Rule 12 Motion, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Government has not consented to Bradley's motions to

amend in writing. The Court finds that justice does not require giving Bradley leave to amend.

Petitioner's motions to amend are based on *Rehaif v. United* States, 139 S. Ct. 2191 (2019). (ECF No. 8, PageID.71.) The Supreme Court concluded in *Rehaif* that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.*, 139 S. Ct. at 2200. Petitioner argues that (1) he did not know he could not possess a firearm and (2) the Government failed to prove that he knew he was barred from possessing a firearm. (ECF No. 7, PageID.57; ECF No. 8, PageID.71.) Specifically, Petitioner alleges that he was a defendant "with no knowledge of the law" and thus could not have known whether "he could have possessed or not possessed a firearm." (ECF No. 8, PageID.71.) Therefore, he concludes, *Rehaif* dictates his actual innocence. *Id.*

Sixth Circuit precedent forecloses Petitioner's argument. *In United States v. Bowens*, the court interpreted *Rehaif* literally: the government need not prove a defendant knew they were prohibited from possessing

15

firearms under federal law, but instead only that they "belonged to the relevant category of person barred from possessing a firearm." 938 F.3d 790, 797 (6th Cir. 2019) (citing *Rehaif*, 139 S.Ct. at 2200). As applied here, the government would not have needed to prove that Petitioner knew he was unable to possess firearms, but instead only that he knew of his status of having a felony conviction—specifically, that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Bradley does not allege in his proposed amended complaint that he was unaware of either his status of having a felony conviction or having been convicted of a crime punishable by imprisonment for a term exceeding one year. He alleges only that he was unaware he could not possess a firearm; this is legally insufficient to state a *Rehaif* claim under Sixth Circuit precedent. Accordingly, justice does not require Bradley to be able to amend and his motions to amend his petition (ECF Nos. 7 and 8) are DENIED.

Because the Court's opinion and order disposes of Bradley's petition in its entirety, Bradley's motion for a status update (ECF No. 9) is denied as moot.

**III. Conclusion**

For the reasons stated above, Bradley's habeas petition (ECF No. 1) is **DENIED** without prejudice.

It is further ordered that Petitioner's motions to amend (ECF Nos. 7, 8) are **DENIED.** Petitioner's motion for a status update (ECF No. 9) is **DENIED** as moot.

It is further ordered that leave to appeal *in forma pauperis* is denied because an appeal from this decision could not be taken in good faith. 28 U.S.C. §1915(a)(3).

Bradley need not request a certificate of appealability because the federal statutory provision requiring a certificate of appealability does not apply to petitions under § 2241 where detention is pursuant to federal process. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

IT IS SO ORDERED.

| | |
|---|---|
| Dated: January 31, 2020<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2020.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager