# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Richard Bradley,

       Petitioner,

v.                                            Case No. 18-cv-12968

J.A. Terris,                         Judith E. Levy
                                            United States District Judge

       Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT

Petitioner Richard Bradley, an inmate at the Fort Dix Federal Correctional Institution in New Jersey, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner challenged his federal sentence for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He argued that: (1) his trial attorney's ineffective assistance resulted in him being illegally detained beyond the statutory ten-year maximum sentence for his crime; (2) the restoration of his civil rights in three Illinois state-court cases made his enhanced sentence under the

---

[1] At the time, Petitioner was incarcerated at the Federal Correctional Institution in Milan, Michigan.

Armed Career Criminal Act (ACCA) improper; and (3) an Iowa burglary conviction could not be used as an ACCA predicate offense following the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016),[2] and, therefore, his enhanced sentence was unlawful.

On January 31, 2020, the Court denied the habeas petition because Petitioner did not satisfy the standard for bringing a § 2241 habeas action under the "savings clause" of 28 U.S.C. § 2255(e).[3] Now Petitioner brings a motion to alter or amend the Court's judgment. For the reasons given below, the motion is denied.

### I. Background

#### A. Petitioner's Criminal Case

---

[2] In *Mathis*, the Supreme Court concluded that the elements of Iowa's burglary law are broader than those of generic burglary and, therefore, Mathis's convictions under the Iowa law could not give rise to an ACCA sentence. *Mathis*, 136 S. Ct. at 2557.

[3] Section 2255(e) reads:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized phrase is known as the "savings clause."

In 2005, Petitioner pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and on January 13, 2006, United States District Judge Linda R. Reade accepted the guilty plea. *See United States v. Bradley*, No. 1:05-cr-00100-01 (N.D. Iowa Jan. 13, 2006). Although the maximum sentence for Petitioner's crime was ten years, *see* 18 U.S.C. § 924(a)(2), his prior state convictions for violent crimes subjected him to a mandatory minimum term of fifteen years in prison under the ACCA. *See* 18 U.S.C. § 924(e)(1) (stating that "a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, . . . shall be . . . imprisoned not less than fifteen years").

Petitioner's federal indictment listed six possible state crimes for the purposes of an ACCA enhancement. (ECF No. 1, PageID.25–26.) At the sentencing, the parties stipulated to four predicate offenses that would satisfy the requirements of the ACCA: a 1976 Illinois armed robbery conviction, a 1986 Illinois attempted armed robbery conviction, a 1989 Illinois robbery conviction, and a 2005 Iowa burglary conviction. (*Id.* at PageID.20.) On August 28, 2006, Judge Reade exceeded the sentencing guidelines and sentenced Petitioner to prison for 293 months

3

(twenty-four years, five months), followed by five years of supervised release. *See United States v. Bradley*, No. 1:05-cr-00100-01 (N.D. Iowa Aug. 28, 2006).

Petitioner appealed his sentence on the basis that Judge Reade had abused her discretion by departing upward from the sentencing guidelines. The United States Court of Appeals for the Eighth Circuit rejected Petitioner's argument and affirmed his sentence on February 4, 2008. *United States v. Bradley*, 261 F. App'x 923 (8th Cir. 2008). On October 6, 2008, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. *Bradley v. United States*, 555 U.S. 836 (2008).

### B. Petitioner's Motions under 28 U.S.C. § 2255

In 2009, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argued that the Government and Judge Reade had violated the terms of the plea agreement and that his trial attorney was ineffective for failing to inform the Government and Judge Reade that an upward departure from the sentencing guidelines would violate the plea agreement. *See Bradley v. United States*, No. 1:09-cv-00048 (N.D. Iowa Mar. 26, 2009).

On January 10, 2012, Judge Reade denied Petitioner's motion because his claims were procedurally defaulted and/or meritless. *See Bradley*, No. 1:09-cv-00048 (N.D. Iowa Jan. 10, 2012). Petitioner applied for a certificate of appealability, but the Eighth Circuit denied his application and dismissed his appeal without an explanation. *See Bradley v. United States*, No. 12-1246 (8th Cir. May 24, 2012).

In 2016, Petitioner filed a second motion under 28 U.S.C. § 2255. *See Bradley v. United States*, No. 1:16-cv-00119 (N.D. Iowa June 15, 2016). He argued that his sentence was unconstitutional under *Johnson v. United States*, 576 U.S. 591 (2015), which held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."[4] *Id.* at 606.

---

[4] The ACCA defines the phrase "violent felony" in 18 U.S.C. § 924(e)(1) as:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

5

Judge Reade dismissed the motion because Petitioner had not obtained authorization to file a second or successive motion under § 2255. *See Bradley v. United States*, No. 1:16-cv-00119 (N.D. Iowa Sept. 7, 2017). Petitioner then sought permission from the Eighth Circuit to file a second or successive application, but the Eighth Circuit denied his petition without an explanation. *See Bradley v. United States*, No. 17-3596 (8th Cir. Mar. 28, 2018).

### C. The Habeas Petition and Dispositive Opinion

On September 20, 2018, Petitioner filed his habeas corpus petition. As noted above, he raised one claim about his trial attorney and two claims about the application of the ACCA to enhance his sentence. The Court held that: Petitioner's ineffective assistance-of-counsel claim did not satisfy the savings clause of § 2255 because the claim did not rely on a new case of statutory interpretation; Petitioner's claim about his Iowa burglary conviction was not enough to demonstrate actual innocence with

---

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized words in the closing words of this definition "have come to be known as the Act's residual clause." *Johnson v. United States*, 576 U.S. at 594.

6

respect to his sentencing enhancement; and his other ACCA claims did not rely on a new case of statutory interpretation. (ECF No. 10, PageID.88.)

In his motion to alter or amend the judgment, Petitioner challenges only the enhancement of his sentence under ACCA. He wants the Court to vacate the ACCA enhancement and order re-sentencing in the Northern District of Iowa without consideration of the ACCA enhancement.

## II. The Motion to Alter or Amend the Judgment

### A. The Timeliness of the Motion to Alter or Amend

A preliminary issue is whether Petitioner's motion is timely. He filed the motion under Federal Rule of Civil Procedure 59(e), which states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court entered its judgment in this case on January 31, 2020, and even though the Clerk of Court filed Petitioner's motion on March 3, 2020, Petitioner signed the motion on February 24, 2020, and it was postmarked on February 27, 2020.

Under the "prison mailbox rule" of *Houston v. Lack,* 487 U.S. 266, 276 (1988), a prisoner's pleading ordinarily is considered filed on the date

that the prisoner provides the pleading to prison officials for filing. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) (applying the prison mailbox rule to a state prisoner's habeas corpus petition). Petitioner must have handed his motion to prison officials for filing no later than February 27, 2020, because that is the date when the motion was postmarked. Therefore, his motion is timely, as it was filed less than 28 days after the Court's judgment.

### B. The Merits of the Motion

#### 1. Legal Framework

Federal Rule of Civil Procedure 59(e) "enables a party to request that a district court reconsider a just-issued judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The Rule also "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* (quoting *White v. New Hampshire Dept. of Emp. Sec.*, 455 U.S. 445, 450 (1982)); *see also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that "[t]he purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings'")

8

(quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (quoting *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)).

However, "[a] district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). This standard is consistent with the "palpable defect" standard in this district's local rules. *Id*. Under Eastern District of Michigan Local Rule 7.1, the Court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3) (E.D. Mich. July 1, 2013).

### 2. Application of the Law

Petitioner claims that the Court made a clear error of law when the Court addressed his claim of "actual innocence." According to Petitioner, the Court should have applied the standard set forth in *Harrington v.*

9

*Ormond*, 900 F.3d 246, 250 (6th Cir. 2018). The Sixth Circuit explained in *Harrington* that,

> [o]rdinarily, a federal prisoner may collaterally attack the validity of his conviction or sentence only under 28 U.S.C. § 2255. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). However, the so-called savings clause, found at § 2255(e), permits a federal prisoner to petition under § 2241 if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." To obtain relief under the savings clause, the prisoner must not only be barred from proceeding under § 2255 . . . , but must also be determined to be "actually innocent." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).
>
> . . . .
>
> . . . Savings-clause petitioners can show actual innocence by demonstrating:
>
>> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.
>
> *Wooten*, 677 F.3d at 307–08.

*Harrington*, 900 F.3d at 249. This standard is very similar to the standard the Court employed in its dispositive opinion. (*See* ECF No. 10,

10

PageID.86.) Thus, the contention that the Court erred when it did not rely on *Harrington* is not a basis for altering or amending the judgment.

Petitioner, nevertheless, argues that, when the *Harrington* standard is employed, he is entitled to relief by means of the savings clause of § 2255(e) for three reasons. First, Petitioner argues that only four predicate offenses were used to enhance his sentence under the ACCA, and the Government conceded in its answer to the habeas petition that the 1997 Illinois armed robbery conviction could not be used due the restoration of his rights in that case.

The Court, however, determined in its dispositive opinion that it could not reach the merits of Petitioner's argument about his three Illinois convictions because he did not satisfy the first prong of an actual innocence claim. (*See* ECF No. 10, PageID.90–91.) In particular, Petitioner did not point to any new statutory interpretation with regard to the Illinois state crimes that were used as predicate offenses for the ACCA enhancement of his sentence. Petitioner's argument, therefore, is an insufficient basis for altering or amending the Court's judgment.

Next, Petitioner argues that, following *Mathis*, his 2005 Iowa burglary conviction is no longer a violent felony for purposes of the ACCA

enhancement. Even if Petitioner is correct about his Iowa conviction, he still has three other convictions that qualify for an enhanced sentence under the ACCA, and Petitioner has not succeeded in challenging those three convictions. His challenge to his Iowa burglary conviction, therefore, is not an adequate basis for altering or amending the judgment.

Petitioner's third and final argument is that his 1986 Illinois conviction for attempted armed robbery should not have been used to enhance his sentence because the ACCA does not include attempts in its definition of "violent felony." According to Petitioner, attempts are treated under the ACCA's residual clause, and the Supreme Court struck down the ACCA's residual clause in *Johnson*.

Petitioner admits that he did not raise this claim in his habeas petition. (ECF No. 12, PageID.103.) Moreover, in keeping with the corrective function of Rule 59(e), " 'federal courts generally have [used] Rule 59(e) only' to 'reconsider[ ] matters properly encompassed in a decision on the merits.'" *Banister*, 140 S. C. at 1703 (quoting *White*, 455 U.S. at 451) (alterations in original). "[C]ourts will not address new arguments or evidence that the moving party could have raised before

the decision issued." *Id.*; *see also Dean v. City of Bay City, Mich.*, 239 F. App'x 107, 111 (6th Cir. 2007) ("A motion for reconsideration based on Rule 59(e) or Rule 60(b) is not the proper vehicle for asserting a new claim for the first time."). Because Petitioner's third argument is a new claim, which he raises for the first time in his Rule 59(e) motion, the Court need not address the substantive merits of the argument.

### III. Conclusion

Petitioner has failed to show that the Court made a clear or palpable error of law in its dispositive opinion. Accordingly, the motion to alter or amend the judgment (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated: May 28, 2021　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2021.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager

13